█ In the Matter of the Claim of ISIDORE WETCHLER, Appellant, v. CAMEL LEAD, COLOR AND CHEMICAL CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board holding that he did not sustain an industrial accident in the course of his employment. Claimant was the president and executive technical director of the corporate employer. On January 23, 1956 the employer filed a report of accident alleged to be a back injury sustained on November 4, 1955. Claimant prepared and signed this report as president. Claimant filed a claim on February 9, 1956. He alleges that he injured his back on November 4, 1955 while attempting to turn a valve. There is evidence of medical treatment for a back condition prior to the date of the alleged accident. The record presents a sharp question of credibility with conflicting evidence. Only a question of credibility and a question of fact are involved, and the board's determination thereof is final. Decision unanimously affirmed, without costs.

█ NORTHERN HAULERS CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant.— Appeal by the State from a judgment in favor of the plaintiff for property damage. There is little dispute as to the facts. While the tractor-trailer of the plaintiff was being operated in an easterly direction on Route 5 in the Village of St. Johnsville on July 12, 1956 about 4:00 A.M., the trailer collided with an overhanging limb of a tree, which resulted in extensive property damage to it. The overhanging limb was 12 feet above the curb and the trailer was from 12 feet to 12½ feet in height. The plaintiff produced by witnesses and photographs testimony which demonstrated that the limb of the tree overhung the road; that the condition had existed over a long period of time; that there were no signs and the State had actual and constructive notice of this condition which it had allowed to continue. The only evidence presented by the State consisted of exhibits. The facts were sufficient to sustain a finding of negligence on the part of the State which was the proximate cause of the accident and freedom from contributory negligence on the part of the driver of plaintiff's tractor-trailer. Judgment unanimously affirmed, with costs.